20-1929-cv
*Hollis Care Group Inc. et al. v. U.S. SBA et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT:   JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                      *Circuit Judges.*

---

HOLLIS CARE GROUP INC., MEDI-SYSTEM RENAL
CARE MANAGEMENT LLC, GARAUDY ANTOINE,
M.D., M.B.A., JACQUES ANTOINE M.D.,

              *Plaintiffs-Appellants,*                      20-1929-cv

                      v.

UNITED STATES SMALL BUSINESS ADMINISTRATION,
UNITED STATES OF AMERICA, ISABEL GUZMAN,
solely as Administrator of the Small Business
Administration,

              *Defendants-Appellee*s.[*]

---

**FOR PLAINTIFFS-APPELLANTS:**          REGINA FELTON, Felton & Associates,
                                        Brooklyn, NY.

---

[*] The Clerk of Court is directed to amend the case caption as shown above.

**FOR DEFENDANTS-APPELEES:**  ALEXANDER J. HOGAN, Assistant United States Attorney, Christopher Connolly, Assistant United States Attorney (on the brief) *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a May 19, 2020 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-Appellants Hollis Care Group Inc., Medi-System Renal Care Management LLC, Garaudy Antoine, and Jacques Antoine ("Plaintiffs") appeal a judgment of the District Court that dismissed their Amended Complaint ("Complaint") against Defendants-Appellants the United States, the United States Small Business Administration ("SBA") and the SBA Administrator[1] (together, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As interpreted by the District Court, the Complaint asserted claims for fraud, negligent supervision, and negligent failure to investigate and uncover fraud, all arising from the SBA's guaranteeing of a loan from nonparty Community National Bank.[2] On appeal, Plaintiffs also advance Due Process and Equal Protection claims under the United States Constitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court dismissed Plaintiffs' claims for fraud and negligent supervision on two alternative grounds. First, to the extent Plaintiffs pled the necessary elements of fraud and negligent supervision under New York law, those claims were cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b),[3] and therefore subject to a non-waivable, jurisdictional

---

[1] Plaintiffs sued the Administrator solely in her individual capacity. Since Plaintiffs filed suit, Isabel Guzman has replaced Linda McMahon as Administrator.

[2] *Hollis Care Grp., Inc. v. Small Bus. Admin.*, No. 19-CV-5695 (JMF), 2020 WL 2521321 (S.D.N.Y. May 18, 2020).

[3] This provision establishes exclusive federal jurisdiction over "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

2

administrative exhaustion requirement.[4] Since the Complaint did not allege exhaustion of remedies (and the record confirmed Plaintiffs' failure to exhaust), the District Court concluded that the fraud and negligent supervision claims should be dismissed for lack of subject-matter jurisdiction. Second, to the extent Plaintiffs *failed* to state claims for fraud and negligent supervision, those claims were necessarily subject to dismissal under Rule 12(b)(6) for failure to state a claim.[5]

The District Court dismissed Plaintiffs' claim for negligent failure to investigate and uncover fraud on the grounds that (1) no such tort existed under state law, (2) federal law did not create such a cause of action against Defendants, and (3) Plaintiffs in any event failed plausibly to allege any failure to investigate and indeed expressly alleged the contrary.[6]

We agree with the District Court's cogent analysis and therefore affirm the dismissal of Plaintiffs' claims for fraud, negligent supervision, and negligent failure to investigate and uncover fraud. We deem Plaintiffs' constitutional claims waived and decline to consider them.[7]

---

[4] *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."); *see also* 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.")

[5] *Hollis Care Grp.*, 2020 WL 2521321, at *3 ("[I]t is not entirely clear whether [Plaintiffs'] allegations, taken as true, satisfy the necessary elements [of fraud or negligent supervision] under New York law. . . . If they do . . . they are cognizable under Section 1346(b) . . . . [I]f they do not, then by definition Plaintiffs fail to state a claim for fraud or negligent supervision.") (internal quotation marks and alterations omitted).

[6] *Id.* ("[T]he fact that [a claim for negligent failure to investigate and uncover fraud] does not exist under New York law . . . means that Plaintiffs fail to state a claim under state law. Nor do they have a claim under federal law, which provides that the Administrator of the SBA 'may . . . make such investigations as [s]he deems necessary,' not that she *must* do so, 15 U.S.C. § 634(b)(11) . . . . In any event, to the extent either New York or federal law does provide a valid cause of action, Plaintiffs would fail to state a claim because they do not plausibly allege that the SBA actually failed to investigate any alleged fraud. To the contrary, Plaintiffs expressly allege that the SBA 'investigated over a two-year period.' [Complaint] ¶ 39").

[7] *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011) ("Arguments raised for the first time on appeal are deemed waived.").

3

## CONCLUSION

We have considered all Plaintiffs' arguments on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 19, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk